**Verg Lee NERO, Petitioner-Appellant,**

**v.**

**Frank C. BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 78–3378

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 29, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Verg Lee Nero, pro se.

Maurine A. Carroll, New Orleans, La., for respondent-appellee.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

GOLDBERG, Circuit Judge:

Petitioner Verg Lee Nero was convicted of armed robbery in a Louisiana state court and sentenced to twenty years hard labor. After exhausting his state remedies,[1] Nero petitioned federal district court for a writ of habeas corpus under 28 U.S.C. § 2254. He alleged that in the state proceeding against him he had been denied his sixth amendment right to effective assistance of counsel. The district court concluded that Nero's counsel had been reasonably effective and denied his petition. Nero appeals that denial. We agree with Nero that he was denied the effective assistance of counsel. Accordingly, we reverse and remand.

During the closing argument in Nero's armed robbery trial, Nero's attorney noted that police witnesses had referred to Nero as a "police character." Nero's attorney informed the jury that Nero did have a police record and that he had not put Nero on the stand because he had not wanted that record to come out. The prosecutor stated in his closing argument that since Nero's attorney had brought up Nero's record, he would tell the jury something about it. He then stated that Nero had been convicted twice before for burglary and once on heroin charges. Nero's attorney objected to the mention of the heroin conviction because he claimed that Nero had not been convicted of that crime. The prosecutor agreed to withdraw the reference to the heroin conviction, and the trial court, at the request of Nero's attorney, instructed the jury to disregard the heroin conviction.[2]

---

1. The Louisiana Supreme Court affirmed Nero's conviction, *State v. Nero*, 319 So.2d 303 (La.1975), and Nero was denied relief on his sixth amendment claim in his state habeas petition.

2. The following colloquy took place:
   BY MR. GROSZ [PROSECUTOR] DURING CLOSING ARGUMENT:
   * * * After Mr. Kabacoff [defense attorney] has brought out about his criminal rec-

Nero claims that he was denied effective assistance of counsel because his attorney failed to move for a mistrial when the court would have automatically granted one. According to Nero, the prosecutor's statements relating to Nero's past convictions were inadmissible; and because they were made within the hearing of the jury, Nero was entitled to a mistrial.

The rule in Louisiana is that the state may not introduce evidence of other crimes committed by an accused unless the evidence comes within a specific statutory provision authorizing its admission. *State v. Ledet*, 345 So.2d 474, 477 (La.1977); *State v. Prieur*, 277 So.2d 126, 128 (La.1973). Under the only statutory provisions which could conceivably be applicable in this case, La.Rev.Stat.Ann. §§ 15:445 and 15:446,[3] the state must show "that the evidence of other crimes is not merely repetitive and cumulative is not a subterfuge for depicting the

defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered." *State v. Ledet*, 345 So.2d 474, 478 (La.1977). In addition, the state must follow certain procedural rules for admitting the evidence. *State v. Ghoram*, 290 So.2d 850, 851–52 (La. 1974). In this case the state did none of this. We therefore conclude that the evidence of Nero's past convictions was inadmissible.[4]

Under article 770 of the Louisiana Code of Criminal Procedure, the judge must order a mistrial, upon the defendant's motion, if the district attorney makes comments within the hearing of the jury relating to "[a]nother crime committed . . . by the defendant as to which evidence is not admissible." La.Code Crim.Proc.Ann. art. 770 (West 1967). Thus, in this case, the Louisiana court would have declared a mistrial had Nero's attorney requested one. The attorney, however, did not make the

---

ord, let me tell you something about his criminal record, gentlemen.
BY MR. KABACOFF:
Your honor, I'm going to object to this. He's not allowed to do it. I've already told them that he has a criminal record, and I think they realize it, and I'd be glad to tell them the crimes he's been convicted of and let it go at that.
BY MR. GROSZ:
If you don't mind, Mr. Kabacoff. Starting off in 1967, convicted of attempted burglary and received six months. 1971 went to Angola for a year for burglary. 1971 he made the big jump. Went to Angola for three years for heroin. Then 1972 . . .
BY MR. KABACOFF:
Your honor, I'm going to object to that last conviction. He has not been convicted of that crime . . .
MR. GROSZ:
I'll withdraw it, your honor.
BY MR. KABACOFF:
Regardless, the jury has heard it. I would like you to instruct them not to pay any attention to it and disregard it.

3. The evidence of Nero's past convictions was clearly not introduced as part of the res gestae under La.Rev.Stat.Ann. § 15:447. Nor was it introduced for impeachment purposes under La.Rev.Stat.Ann. §§ 15:481 & 15:495. The only other statutory provisions authorizing admission of extrinsic offense evidence are La.Rev. Stat.Ann. §§ 15:445 & 15:446 which provide that evidence of similar offenses may be admis-

sible under certain circumstances to show the defendant's knowledge, intent, or system.

4. The fact that the prosecutor mentioned Nero's past convictions in closing argument, after the defense attorney had stated that Nero had a record, should not affect their admissibility. *State v. Ghoram,* 290 So.2d 850, 853 (La. 1974) held that "the rules applicable to the introduction or prior offenses under R.S. 15:445 and 15:446 apply at every stage of the trial, including the State's . . . rebuttal." And, as we have stated, the State did not comply with these rules. Furthermore, we don't think the mere statement that Nero had a record, made by Nero's attorney to explain the references to Nero as a "police character," "opened the door" to the introduction of Nero's past convictions. *See State v. Johnson,* 332 So.2d 251, 253 (La.1976); *State v. Hunt,* 310 So.2d 563, 568 (La.1975). Such a construction would go against Louisiana's policy of allowing the State to introduce extrinsic offense evidence only when the evidence fulfills certain conditions and the state follows certain procedural rules.

But even if the prosecutor's remarks were held to be admissible on the theory that Nero's attorney had "opened the door" or had, by his comments, agreed to their admission, *see* footnote 2 *supra,* it would not change our conclusion in this case. We would consider the conduct of Nero's attorney in "opening the door" or in agreeing to the admission of these convictions as further evidence that Nero did not receive effective assistance of counsel.

necessary motion because he was unaware that Nero was entitled to a mistrial.[5]

■ To decide if Nero was denied his sixth amendment right to effective assistance of counsel because of his attorney's failure to request a mistrial, we must examine "the totality of the circumstances and the entire record" to see "whether reasonably effective assistance was rendered." *United States v. Gray*, 565 F.2d 881, 887 (5th Cir. 1978). Appellee argues that under our totality of the circumstances test, the failure of Nero's counsel to request a mistrial cannot alone render his assistance ineffective. We disagree. Sometimes a single error is so substantial that it alone causes the attorney's assistance to fall below the sixth amendment standard. This case presents such an error.

We can hardly imagine anything more prejudicial to Nero than allowing the jury in his armed robbery case to hear the prosecutor's comments that Nero had been convicted twice before of burglary and once on drug charges. The jury may well have convicted Nero of the charged offense because it was aware of his prior convictions. *See State v. Gaines*, 340 So.2d 1294, 1296 (La.1976). It is because of the extreme prejudice of remarks relating to inadmissible convictions that article 770 of the Louisiana Code of Criminal Procedure allows the defendant to move for an automatic mistrial when these remarks have been made in the presence of the jury. La.Code Crim.Pro.Ann. art. 770 (West 1967). These remarks are so prejudicial that the official comments to article 770 note that they "normally are not cured and cannot be cured by an admonition." *Id.*

■ Nonetheless article 770 provides that if the defendant requests that only an admonition be given, "the court shall admonish the jury to disregard the remark or comment, but shall not declare a mistrial." *Id.* The Appellee argues that since Nero's attorney did request an admonition—an alternative specifically provided by article 770—the attorney's failure to move for a mistrial cannot be constitutionally deficient. We agree that if an attorney makes a reasonable tactical decision to request an admonition instead of a mistrial, his action will not constitute ineffective assistance of counsel. However, this did not happen in Nero's case. Nero's attorney clearly was not making a tactical decision since he was unaware that Nero was entitled to a mistrial. Moreover, Nero's attorney only requested an admonition as to the heroin conviction. The jury was therefore free to consider that Nero had twice before been convicted of burglary.

Nero's attorney allowed the State to introduce inadmissible evidence of Nero's past convictions. The attorney failed to move for a mistrial when the court would have automatically granted one. This error by Nero's attorney is crucial since the evidence of past convictions is so prejudicial that it can render the entire trial fundamentally unfair. For these reasons we hold that Nero was denied the effective assistance of counsel in violation of the sixth amendment. *We reverse the decision of the district court and remand the case with instructions that the district court order the petitioner released from custody if he is not retried within a reasonable time.*

REVERSED and REMANDED.

5. In Nero's supplemental motion for a new trial, Nero's attorney stated that he was a civil attorney with very little criminal experience and at the time of trial he was not aware of Nero's right to a mistrial.