Charles COBB, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, etc.,
Respondent-Appellee.

No. 78–3005.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1980.

Denis Dean, Court-appointed, Miami, Fla., for petitioner-appellant.

Paul Mendelson, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before SIMPSON, CHARLES CLARK and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from the denial of a motion under 28 U.S.C. § 2254 to vacate and set aside a verdict rendered against Charles Elwood Cobb in Florida state court.

In October, 1970, a jury found Cobb and his two co-defendants guilty of two counts each of first-degree murder. The jury did not recommend mercy. Cobb was given a sentence of death in the electric chair, which was later modified under *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), to life imprisonment. *Anderson v. Florida*, 267 So.2d 8 (Fla.1972). Cobb's conviction was affirmed on direct appeal. *Evans v. Florida*, 275 So.2d 226 (Fla.1973).

■ In December, 1977, Cobb filed a 28 U.S.C. § 2254 motion with the United States District Court for the Southern District of Florida. He claimed that the prosecutor's closing argument at his trial was so inflammatory that it rendered the trial fundamentally unfair. The district court denied relief, and Cobb filed this appeal.[1]

■ There is no question that the prosecutor in this case made an inflammatory argument. If the trial had been held in federal district court a number of his comments would have constituted more than adequate grounds for a mistrial.[2] In a 28 U.S.C. § 2254 proceeding, however, the scope of review is a narrow one. The Supreme Court only recently ruled in *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), a case also involving charges of prejudicial prosecutorial comment, that not every trial error or infirmity which might on direct appeal call for application of supervisory powers correspondingly constitutes the denial of due process necessary to support a grant of relief under 28 U.S.C. § 2254. *Id.* at 642–43, 648 n.23, 94 S.Ct. 1868. *Donnelly* indicates that on direct appeal we may vacate a conviction as a result of merely 'undesirable' prosecutorial comments. *Id.* at 642–43, 94 S.Ct. 1868, *quoting, Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). *See, e. g., United States v. Corona*, 551 F.2d 1386, 1388 (5th Cir. 1977) (test is whether prosecutor's argument, taken as a whole in context of entire case, prejudicially affects substantial rights of defendant). But *Donnelly* teaches that in a Section 2254 proceeding more than undesirability or even 'universal condemnation' must be shown. Unless a specific

---

1. The state claims, as a preliminary matter, that Cobb's brief to this Court cites a number of prosecutorial comments not raised before the Supreme Court of Florida, and thus that the propriety of these additional comments is an unexhausted state issue with which the federal courts should not be concerned. This claim is unsupported by the facts. Cobb's brief clearly put the prosecutor's entire closing argument before the Supreme Court of Florida. The claim also misunderstands the law. It is well established that in reviewing prosecutorial comments for possible prejudice, a court must not consider the comments in isolation. The comments must be evaluated in the context not only of the prosecutor's entire closing argument but of the trial as a whole. *See, e. g., Donnelly v. DeChristoforo*, 416 U.S. 637, 643–47, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Alvarez v. Estelle*, 531 F.2d 1319, 1323 (5th Cir. 1976), *cert. denied*, 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977).

2. In his zeal to obtain a death sentence, the prosecutor made several clearly objectionable, and objected to, remarks. For example, at one point in his argument, the prosecutor resorted to the Bible. He told the jury that under its teachings there was no reason to show the defendants mercy.

guarantee of the Bill of Rights is involved,[3] it must be shown that the remarks were so prejudicial that they rendered the trial in question fundamentally unfair. 416 U.S. at 643, 94 S.Ct. 1868. Here the claim is simply that the prosecutor's remarks so infected the trial with unfairness as to make the conviction a denial of due process.[4]

[4] Given the circumstances of this case, we conclude, and our conclusion is made easier by the strength of the evidence against Cobb, that no prejudice amounting to such a denial of constitutional due process was shown. Unlike *Houston v. Estelle,* 569 F.2d 372, 376–84 (5th Cir. 1978), a Section 2254 proceeding in which we did reverse a conviction for prosecutorial misconduct, this is not a case in which the prosecutor attempted to mislead the jury with allusions to nonexistent evidence. *See also United States v. Herberman,* 583 F.2d 222, 229–30 (5th Cir. 1978). Nor is this a case, as was *Houston,* in which the prosecutor had the last word. Here the prosecutor's argument was followed by two final defense arguments, one of which was made by Cobb's attorney on Cobb's behalf. Any taint still remaining was further dissipated when the jury, in the course of its deliberations, requested and was granted a reading from the record of the testimony of the prosecution's two principal witnesses.

AFFIRMED.

---

3. *See, e. g., Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (right to counsel); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (privilege against compulsory self-incrimination).

4. Cobb does suggest, without citation to any specific passages of the prosecutor's argument, that the prosecutor may have violated his privilege against compulsory self-incrimination. *See Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). But this suggestion is without substance. A review of the record indicates that no improper comment on Cobb's failure to testify was made. The prosecutor did remark that, "At least Miley [an al-

leged accomplice of Cobb and his co-defendants] cooperated and told the police what happened and testified before you, so that the people who caused this bloodbath can be convicted." But this remark clearly does not meet the impropriety criteria established in this Circuit. The remark was not manifestly intended to be nor would it naturally and necessarily be taken as a comment on Cobb's failure to testify. *See United States v. Diecidue,* 603 F.2d 535, 552 (5th Cir. 1979); *Samuels v. United States,* 398 F.2d 964, 968 (5th Cir. 1968), *cert. denied,* 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969).