UNITED STATES of America, Plaintiff-Appellee,

v.

Haze E. WILLIS, Defendant-Appellant.

No. 79–5524
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 15, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

James Lynn Martin, Dallas, Tex., for defendant-appellant.

Paul Coggins, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

PER CURIAM:

Appellant Haze E. Willis was convicted of thirteen counts of mail fraud in violation of 18 U.S.C. § 1341.[1] He contends on appeal that his conviction must be reversed due to insufficiency of the evidence and prosecutorial misconduct. We affirm.

■ Appellant's insufficiency of the evidence argument is clearly without merit. In reviewing whether the prosecution presented sufficient evidence to sustain a conviction, the evidence is considered in the light most favorable to the Government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. DeJean*, 613 F.2d 1356, 1358 (5th Cir. 1980). There is overwhelming circumstantial evidence of Willis' guilt.

■ Appellant was charged with opening a post office box in the name of a Dallas hospital and submitting inflated and totally false insurance claims to various insurance companies, using the post office box address as the place to which the insurance checks were to be sent. When the checks were

received, the required endorsements were either forged or the payees were induced to sign the checks, which were then deposited in one of the numerous bank accounts maintained by Willis under the name "Haze Fashion Jewelry."

Appellant does not challenge the fact that a scheme to defraud the hospital, insurance companies, and certain hospital patients actually existed, he merely contends that he was innocently "duped" into participating in the scheme by the scheme's organizers. He contends there is insufficient evidence to show he willfully, intentionally and knowingly participated in the mail fraud. This contention is without merit.

A hospital employee testified at trial that Willis attempted to induce her to participate in an insurance fraud scheme, but she refused. Appellant's checking account deposits consisted almost entirely of checks made payable to the hospital and endorsed to his account. A post office handwriting expert identified appellant's writing on a fraudulent claim form. The post office box used in the scheme was opened using appellant's driver's license as identification. Postal authorities testified that the person opening the box was required to submit proper identification. Finally, at least one person testified that Willis induced him to endorse an insurance check that was to pay for the witness' bill at the hospital. Such circumstantial evidence is clearly sufficient to show appellant's knowing and willful participation in the scheme.

■ Willis next contends that certain comments of the prosecutor during his trial require reversal. We have examined each of these comments, and conclude that individually or collectively they do not affect substantial rights of the appellant when evaluated in the context of the trial as a whole. *Cobb v. Wainwright*, 609 F.2d 754, 755 n.1 (5th Cir. 1980); *United States v. Risi*, 603 F.2d 1193, 1195–96 (5th Cir. 1979); *United States v. Greene*, 578 F.2d 648, 653–

1. Frances Henderson and Barbara Kelly were also indicted for their participation in the mail fraud scheme. Henderson, tried jointly with appellant Willis, was found guilty on three counts but is not a party to this appeal. Kelly was tried and convicted separately.

54 (5th Cir. 1978), *cert. denied*, 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979).

AFFIRMED.