Terry Ray UPTAIN, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 81-3575.

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1982.

George M. Strickler, Jr., New Orleans, La. (Court-appointed), for petitioner-appellant.

D. H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for respondent-appellee.

Before RUBIN and JOHNSON, Circuit Judges, and DUPLANTIER *, District Judge.

PER CURIAM:

Terry Ray Uptain appeals from the district court's dismissal of his petition for a writ of habeas corpus, by which he seeks to set aside his conviction for "bail-jumping" (18 U.S.C. § 3150). Uptain asserts that he was denied the right to effective assistance of counsel at his trial, because his attorney served as the prosecution's chief witness. We reverse.

On August 22, 1975, Uptain was indicted in Shreveport, Louisiana, on charges of wire fraud (18 U.S.C. § 1343). He retained an attorney, Jerry A. Kirby, to represent him at that trial, which was scheduled for January 5, 1976. As a result of his failure to appear at the wire fraud trial, Uptain was indicted for bail-jumping. Kirby was retained at the outset to represent petitioner at the bail-jumping trial; thereafter, he was appointed by the court.

Prior to the trial for bail-jumping, the government advised Uptain that it intended to call Kirby, his attorney, as a prosecution witness to establish that Uptain had notice of the trial date. By pre-trial motion on Uptain's behalf, Kirby unsuccessfully sought to prevent the government from calling him as a witness, invoking the attorney-client privilege. At the trial, Kirby was the government's sole witness, with the exception of a rebuttal witness. Kirby tes-

* District Judge of the Eastern District of Louisiana, sitting by designation.

tified that he had sent two letters to petitioner by certified mail, informing him of the trial date, but that receipts evidencing delivery had not been returned. Additionally, Kirby stated that he discussed the trial setting with Uptain by telephone prior to trial; and, although he could not remember the exact content of the conversation, his normal procedure would have been to inform his client of the date set for trial.[1] Kirby was cross-examined by both Uptain and by an attorney, Dewey Burchett, whom the court had appointed shortly before trial to represent Uptain during Kirby's testimony. Kirby made the defense's closing argument to the jury.

After his conviction on the bail-jumping charge, Uptain appealed to this court, asserting as one ground for reversal that the attorney-client privilege had been violated when Kirby was forced to testify; the argument was rejected. 552 F.2d 1108. Kirby had once again been appointed by the trial court to represent Uptain on that appeal.[2] Thereafter, Uptain filed this *pro se* application for habeas corpus relief, which was denied by the district court.[3] Counsel was appointed by this court to represent Uptain in the present appeal.

Uptain's contention is that his Sixth Amendment right to the effective assistance of counsel was violated when his court-appointed attorney, after being compelled to testify as the chief witness for the prosecution, nevertheless represented him throughout the trial.

The law which has developed in this circuit with regard to Sixth Amendment "ineffective assistance" cases was summarized recently as follows:

> The sixth amendment guarantee of the right to counsel requires "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir. 1960), *adopted on rehearing en banc,* 289 F.2d 928 (5th Cir.), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961) (emphasis in panel decision); *Washington v. Watkins,* 655

---

1. Kirby also testified that he himself had not appeared at Uptain's wire fraud trial due to an illness, about which he notified the judge on the morning of the trial.

2. In its brief to this court, the government argues that Uptain's contention relating to ineffective assistance of counsel was also raised on direct appeal, and, therefore, should not be reconsidered. Although the opinion on direct appeal does not mention the issue, the government directs our attention to one sentence in Uptain's petition for rehearing: "The present case is unique in that not only was the attorney, who was then trying the case before a jury, required to take the stand and testify damaging testimony, but then had to turn around and try the remainder of the case." This statement is merely an oblique reference, at best, to the present argument by petitioner that he was denied his Sixth Amendment right to the effective assistance of counsel. In the context of the whole of the petition for rehearing, this sentence merely further developed the argument rejected by the panel opinion, that Kirby's testimony was compelled in violation of the attorney-client privilege. Moreover, the ineffectual assistance issue could hardly have been presented adequately on appeal, considering that Uptain was represented on that appeal by the very attorney who he now asserts gave him the ineffective assistance.

3. The original application for habeas corpus relief raised four issues. In addition to the ineffective assistance of counsel claim, Uptain asserted: (a) the court reporter's failure to transcribe the attorneys opening and closing statements prejudiced him; (b) the court used several invalid convictions to enhance his punishment; and (c) the judgment and commitment was not signed by the trial judge, and petitioner was never served with a copy of the indictment. The matter was referred to a magistrate. The district court adopted the magistrate's recommendation denying relief. Only the ineffective assistance claim is now pursued.

In rejecting Uptain's claim premised on the ineffective assistance of counsel, the district court relied in part upon the fact that this court on direct appeal had considered all of the circumstances in rejecting Uptain's attorney-client privilege claim based on the same facts, thus impliedly if not directly deciding that Uptain's counsel was not rendered ineffective by being compelled to testify. Additionally, the district court found that Uptain had been adequately represented during Kirby's testimony by the appointment of Burchett to cross-examine Kirby and by Uptain's own cross-examination of Kirby.

F.2d 1346, 1355 (5th Cir. 1981). Application of this standard to the facts of an individual case involves an inquiry as to whether counsel's actual performance, considered in light of the totality of circumstances in the case, was seriously inadequate and whether counsel's inadequacy prejudiced the fairness of his client's trial. *Washington v. Watkins, supra,* 655 F.2d at 1356, 1359 n.23, 1360–64; *Washington v. Estelle,* 648 F.2d 276, 279 (5th Cir. 1981); *Nelson v. Estelle,* 642 F.2d 903, 906 (5th Cir. 1981).

*Boyd v. Estelle,* 661 F.2d 388, 389 (5th Cir. 1981). *See also Gray v. Lucas,* 677 F.2d 1086 (5th Cir. 1982); *Washington v. Strickland,* 673 F.2d 879 (5th Cir. 1982).

■ After examining the "totality of circumstances", we conclude that there was ineffective assistance of counsel, because counsel's performance was "seriously inadequate" and the inadequacy "prejudiced the fairness" of defendant's trial. Once Kirby testified that he had mailed written notification to Uptain, that he had discussed the trial with Uptain within two weeks of the trial date, and that his normal procedure was to inform his clients of their specific trial dates when discussing a case with them, Kirby was placed in a situation adverse to Uptain's interests. Uptain's only defense was that he did not receive notice of the trial date, either written or verbal. As the prosecution's only witness, Kirby *was* the government's case. Counsel could *not possibly* have been an effective advocate when the aim of his primary argument to the jury should have been to diminish the weight, if not the credibility, of his own testimony. Undeniably, this ineffectiveness was inherently prejudicial to Uptain's cause.

The fact that the district court appointed another attorney to cross-examine Kirby does not resolve the ineffectual assistance problem, since the record reflects that Kirby resumed primary responsibility for Uptain's defense once the questioning of Kirby ended. No lawyer could function as a persuasive advocate before a jury when he is the crucial witness against his own client.

The only case in this circuit which is fairly similar on a factual basis is *United States v. Crockett,* 506 F.2d 759 (5th Cir. 1975), which considered the issue of whether the defendant received the effective assistance of counsel in a situation in which one of the defense counsel was called as a prosecution witness and invoked the Fifth Amendment. The fact that an attorney testified against his clients in a gambling-operations trial was held to be harmless error and not a violation of the Sixth Amendment, because the testimony, unlike that given by Kirby, did not incriminate any of the defendants. Nonetheless, the court commented on the "conspicuous impropriety" of the attorney's "failure to withdraw from the case when he realized that he was to be a prosecution witness", and noted that "appearance can be as damaging as reality, and here the appearance of impropriety is overwhelming." *Id.* at 761.

The government relies heavily upon a Second Circuit bail-jumping case, *United States v. Hall,* 346 F.2d 875 (2d Cir. 1965). At Hall's trial, his attorney testified that he had told his client that the client would have to be in court every day that his case was on the calendar but did not give him a specific date. The court decided that "the mere fact that counsel was called to testify does not without more establish a material interference with his effective conduct of the defense." 346 F.2d at 882. The court in *Hall* described the lawyer's testimony as "limited [in] time and nature." *Id.* Clearly, the present case is distinguishable from *Hall.* In the present case, the defendant's attorney, as the government's only witness, furnished the evidence from which the jury could conclude that the defendant knew the exact date he needed to be in court. Uptain was convicted by the testimony of his own attorney. In any event, the "correctness of the conclusion" reached in *Hall* has been questioned by at least one other circuit court: *Hanks v. United States,* 420 F.2d 412, 413 (10th Cir. 1970).[4]

---

4. In addition, the First Circuit in *United States*   *v. Cortellesso,* 663 F.2d 361, 363 (1st Cir. 1981),

We need not determine whether under these circumstances the right to effective counsel was waivable, because we find that, even if it were waivable, it was not waived by Uptain. *United States v. Garcia,* 517 F.2d 272 (5th Cir. 1975), involved the analogous problem of an attorney faced with a conflict of interest, e.g., a defense counsel representing multiple defendants whose interests may be adverse. *Garcia* established the rule that there can be no Sixth Amendment waiver unless the "defendant's voluntariness and knowledge of the consequences" of the waiver are "manifest on the face of the record." [5] *Id.* at 278. We hold that the waiver procedure established in *Garcia* should apply equally to the very unusual circumstances in the instant case. The record reflects no discussion with Uptain by the district judge, the prosecutor, nor by either of the appointed defense counsel of the problems inherent in the defense counsel serving the dual role as chief prosecution witness. Therefore, Uptain did not relinquish his Sixth Amendment right to effective counsel.

Because Uptain was denied his right to the effective assistance of counsel, due to the inherent unfairness in his continued representation by an attorney who served as the chief witness for the prosecution, the judgment denying habeas corpus relief is REVERSED and the cause is REMANDED by entry of an appropriate judgment consistent with this opinion.

indicated its disapproval of a criminal defendant's attorney being allowed to testify against the defendant on an issue fundamental to the government's case, when it upheld the trial court's order, over the defendant's objection, removing his attorney prior to trial when it became known that the government would call the attorney as a witness.

5. The *Garcia* opinion instructed district courts to follow explicit procedures in eliciting a waiver, including the requirement that the district judge address the defendant "personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest." 517 F.2d at 278.

The principles established in *Garcia* have been reaffirmed often in this circuit. *See, e.g., United States v. Martinez,* 630 F.2d 361, 364 (5th Cir. 1980), *cert. denied,* 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981); *Gray v. Estelle,* 616 F.2d 801, 803 (5th Cir. 1980); *Zuck v. Alabama,* 588 F.2d 436, 440 (5th Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).