# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-51238

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES EDWARD JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CV-81
USDC No. 6:07-CR-97-1

Before HIGGINBOTHAM, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles Edward Johnson, federal prisoner # 83808-180, was convicted by a jury of possession, with intent to distribute, of at least five grams of a mixture or substance containing cocaine base within 1000 feet of a public elementary school. He was sentenced to a 365-month term of imprisonment. Johnson, represented by counsel, requests a certificate of appealability (COA) to appeal the district court's denial on the merits of his 28 U.S.C. § 2255 motion, alleging claims of ineffective assistance of trial and appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51238

We previously denied Johnson's motion, based in part on a finding that he had abandoned certain claims by failing to brief them adequately in his motion. Johnson filed a motion for reconsideration, arguing that this court erred by applying the standards applicable to a formal appellate brief to his COA application. We granted the motion for reconsideration and withdrew our order, and we now substitute the following opinion.

A COA may be issued only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a § 2255 claim on the merits, as in this case, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A movant satisfies the COA standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To establish a claim of ineffective assistance of counsel, Johnson must show that "counsel's representation fell below an objective standard of reasonableness," and that this deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984).

Johnson seeks a COA on the following claims: (1) trial counsel was ineffective in failing to move to suppress evidence discovered in a search of Johnson's home on the ground that the search warrant affidavit contained material falsehoods;[1] (2) trial and appellate counsel were ineffective in failing to object to the testimony of a chemist who established the identity of the drugs found at Johnson's home, on the ground that this testimony violated the

---

[1] Johnson also argues, with no further elaboration, that "[a]ppellate counsel was ineffective for his failure to appeal this issue." He does not explain how appellate counsel could have appealed the district court's failure to exclude evidence when no suppression motion was filed by trial counsel.

Confrontation Clause because a different chemist had performed the actual laboratory analysis; (3) trial and appellate counsel were ineffective in failing to argue that "the District Court failed to make individualized findings as to 'foreseeability' regarding drug quantity" at sentencing; (4) trial and appellate counsel were ineffective in failing to "properly" argue that Johnson should not receive a "leadership" enhancement under the Sentencing Guidelines; (5) trial counsel was ineffective in failing to investigate the possibility that the witnesses against Johnson were granted leniency by the government in exchange for their testimony; and (6) trial counsel was ineffective in failing to object to the introduction into evidence of an aerial photograph used to prove that Johnson distributed drugs within 1000 feet of a school, on the grounds that it was insufficient to prove the distance and that it "had Confrontation Clause implications."[2]

As to claim (1), Johnson seemingly focuses on the following statement in the search warrant affidavit:

> On the 5th day of June 2007, and before the making of this Affidavit, Affiant received information from individual's whom Affiant knows their information to be reliable, credible and trustworthy because the individuals (hereinafter called informant #1, informant #2 and informant #3) have provided information to Affiant and to other officers of the Waco Police Department in the past and on each and every occasion the informants' information has proven to be true and correct. Informant's information was corroborated through interviews with other officers and independent investigation.

---

[2] Although Johnson repeatedly attempts to incorporate by reference arguments made in briefing before the district court, this is not permitted in a COA application. *See McGowen v. Thaler*, 675 F.3d 482, 497 (5th Cir. 2012) ("We have held that a COA applicant waives claims by directing the appellate court to briefing before the district court to support his request for a COA."); *Summers v. Dretke*, 431 F.3d 861, 870 (5th Cir. 2005) ("Summers maintains that [certain] claims raised before the district court cannot be briefed because of page limitations. Rather, Summers directs this court to the briefing before the district court for support of his request for a COA as to these claims. We decline this request. By failing to adequately brief these issues, Summers has waived them.")

Johnson argues that "it simply defies logic that the Affiant could have received the full panoply of information described in the Affidavit for Search Warrant . . . and conducted such 'independent investigation' all on the same day." However, the affiant goes on to describe, at some length, using the three informants "[d]uring the past 4 months" to gather information on Johnson's drug operation and personally performing surveillance on Johnson's home "on a daily basis." It is inescapably clear that the affiant is not claiming to have learned all the information contained in the affidavit in a single day.

As to claim (2), Johnson implies that the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), bars a supervisory chemist from testifying at trial about laboratory tests performed by a different chemist. First, the mandate in Johnson's direct appeal issued on January 21, 2009, five months before *Melendez-Diaz* was decided. "[C]ounsel is normally not expected to foresee future new developments in the law." *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. Unit A 1981). Second, *Melendez-Diaz* held only that affidavits of analytical chemists admitted at trial in lieu of live testimony violated the Confrontation Clause, and did not consider whether one analyst could testify in court as to the significance of data developed by a different analyst. In *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2709-10 (2011), the Supreme Court held that the testimony at trial of an analyst who "had neither participated in nor observed the test on [the petitioner's] blood sample" violated the Confrontation Clause. However, even after *Bullcoming*, it is not clear whether the testimony of the analyst in this case – who supervised and worked in the same lab as the analyst who did the actual testing – would violate the Confrontation Clause.[3] Johnson has not made a substantial showing that his

---

[3] Justice Sotomayor, one of the five justices in the *Bullcoming* majority, explained in a concurrence that "this is not a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue." 131 S. Ct. at 2722 (Sotomayor, J., concurring). She opined that "[i]t would be a different case if, for example, a supervisor who observed an analyst conducting a test testified about the results

counsel was constitutionally deficient in failing to object to the analyst's testimony on Confrontation Clause grounds.

As to claim (3), Johnson fails to recognize that "reasonable foreseeability" is required only when holding a defendant accountable for "acts and omissions *of others* in furtherance of [a] jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) (emphasis added). Johnson was not charged with conspiracy, and he was found to be personally responsible for all drug amounts attributed to him. As to claim (4), Johnson does not demonstrate what a "proper" argument would look like or explain how it would have been successful. As to claim (5), the district court noted that Johnson "provides no evidence whatsoever to substantiate" his accusations, and Johnson's COA application likewise identifies no such evidence.

As to claim (6), the district court explained that the photograph at issue was a "scale" photograph developed and used by the City of Waco Planning Department for zoning and planning purposes, and that the photograph was introduced through the testimony of a department official. Using the scale, the witness testified that Johnson's residence was approximately 325 feet from an elementary school, well within the 1000-foot requirement. Johnson does not challenge the district court's analysis or otherwise explain why this evidence was insufficient to prove the distance element of his offense. Moreover, the introduction of a photograph used in city planning does not violate the Confrontation Clause because its "primary purpose" is clearly not "to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006).

Johnson's motion for a COA is DENIED.

---

or a report about such results." *Id.*