ACCEPTED
12-15-00166-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/2/2015 4:47:33 PM
Pam Estes
CLERK

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

11/2/2015 4:47:33 PM

PAM ESTES
Clerk

**12-15-00166-CR**

**FILED**

11/2/2015

**Twelfth Court of Appeals
Pam Estes
Clerk**

# IN THE COURT OF APPEALS
## FOR THE TWELFTH JUDICIAL DISTRICT
## TYLER, TEXAS

## SAMUEL LANCASTER IV
### v.
## The State of Texas

## APPEAL FROM THE 217th DISTRICT COURT
## OF ANGELINA COUNTY, TEXAS
## Cause No. 2014-0496

## ANDERS BRIEF OF APPELLANT
## SAMUEL LANCASTER IV

Respectfully, Submitted:
/S/ John D. Reeves
JOHN D. REEVES
Attorney at Law
1007 Grant Ave.
Lufkin, Texas 75901
Phone: (936) 632-1609
Fax: (936) 632-1640
SBOT # 16723000
Email: tessabellus@yahoo.com
**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Parties:**

Appellant in Trial Court:
Samuel Lancaster IV
TDCJ# 2004508
2350 Atascocita Rd.
Humble, Texas 77396

Appellee in Trial Court:
The State of Texas

**Trial and Appellate Counsel**:

**Appellant**:

JOHN D. REEVES                                    **Trial**  William Agnew
Attorney at Law                                            Attorney at Law
1007 Grant Ave                                             P.O. Box 2507
Lufkin, Texas 75901                                        Lufkin, Texas 75901
Phone: (936) 632-1609                                      Phone: 936/637-1200
Fax: (936) 632-1640                                        SBOT: 00796105
SBOT # 16723000

**Appellee**:

April Ayers- Perez                                 **Trial**  Sandra Martin
Asst.  Angelina County District Atty.      Asst. Angelina County District Atty.
P.O. Box 908                                               P.O. Box 908
Lufkin, Texas 75901                                        Lufkin, Texas 75901
Phone:  936-632-5090                                       Phone: 936/ 632-5090
SBOT# 24090975                                             SBOT# 24081674

# TABLE OF CONTENTS

Page:

IDENTITY OF PARTIES AND COUNSEL…………………………………… .ii

TABLE OF CONTENTS………………………………………………….......iii

INDEX OF AUTHORITIES…………………………………………….. iv-v

STATEMENT OF THE CASE………………………………………….....1-2

STATEMENT OF JURISDICTION…………………………………..………2

ISSUE PRESENTED.................................................................................2-4

STATEMENT OF FACTS …………………………………………………3-9

SUMMARY OF THE ARGUMENT …………………………….......9-10

ARGUMENT…………………………………………………………11-20

CONCLUSION AND PRAYER……………………………………………20

CERTIFICATE OF COMPLIANCE……………………………………….21

CERTIFICATE OF SERVICE…………………………………………..21

# INDEX OF AUTHORITIES

Page:

## U.S. Supreme Court Cases

Anders v. California, 386 U.S. 738, (1967) ........................................................1

Strickland v. Washington, 466 U.S. 668, (1984) ...............................................18-19

## Fifth Circuit

Nero v. Blackburn, 597 F.2d 991, (5th Cir. 1979) ................................................21

## Texas Cases

Dinkins v. State, 894 S.W.2d 330, (Tex. Crim. App. 1995)...................................15

Euler v. State, 158 S.W. 3d 88, (Tex. Crim. App. 2007) ........................................18

Gonzalez v. State, 337 S.W.3d 473, 479 (Tex. App.-Houston [1 Dist.] 2011).12, 13

Harris v. State, 656 S.W. 2d 481, (Tex. Crim. App. 1983)....................................17

Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) ..................................12

Jackson v. State, 877 S.W. 2d 768, (Tex. Crim. App. 1994)......................12, 13, 19

Jordan v. State, 495 S.W. 2d 949, (Tex. Crim. App. 1973)....................................17

Ladd v. State, 3 S.W.3d 547, (Tex. Crim. App. 1999).............................................18

McFarland v. State, 928 S.W. 2d 482, (Tex. Crim. App. 1996) .............................18

iv.

Montgomery v. State, 810 S.W.2d 372, (Tex. Crim. App.1990)...........................16

Rhoades v. State, 934 S.W.2d 113, (Tex. Crim. App. 1996)..................................17

Rodriguez v. State, 203 S.W.3d 837, (Tex. Crim. App.2006)................................16

Thomas v. State, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) ............................12

Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) ....................12,13

## **RULES AND OTHER AUTHORITIES**

U.S. Const. Amend. VIII ....................................................................................17

U.S. Const. Amend. XIV......................................................................................17

Tex. Health & Safety Code Sec. 481.121......................................................11-12

Texas Penal Code Ann. Section 38.04..............................................................11

Texas Rules of Appellate Procedure, Rule 33.1................................................17

_____

**12-15-00166-CR**

_____

# IN THE COURT OF APPEALS
# FOR THE TWELFTH JUDICIAL DISTRICT
# TYLER, TEXAS

_____


Samuel Lancaster IV

v.

The State of Texas


APPEAL FROM THE 217th DISTRICT COURT
OF ANGELINA COUNTY, TEXAS
Cause No. 2014-0496


BRIEF OF APPELLANT
Samuel Lancaster IV


TO THE HONORABLE COURT OF APPEALS;

COMES NOW, John D. Reeves, court appointed attorney on appeal for Samuel Lancaster, IV Appellant, and pursuant to Anders v. California, 386 U.S. 738 (1967). Johnson v. State, 885 S.W. 2d 641 (Tex. App.-Waco 1994), and Stafford v. State 813 S.W. 2d 503 (Tex. Crim. App. 1999), files this Anders Brief.

## STATEMENT OF THE CASE

Appellant was indicted by a grand jury in cause 2014-0496 the July/September term for evading arrest or detention- one or more prior.  (CR Vol.

1 p. 17) Additionally, appellant was indicted by a grand Jury in the July/September term in cause 2014-0634 on October 3, 2014 for the offense of possession of marijuana in an amount of five pounds or less but more than four ounces. (CR Vol. 2 p. 11) The two matters were consolidated by agreement on November 3, 2014 into cause 2014-0496. (CR Vol. 1 p. 34)  On August 15, 2014. Appellant waived arraignment and entered a plea of not guilty. (CR Vol. 1 p. 27) A jury was waived in both cases on January 29th, 2015. (CR Vol. 1 p. 35)  A non-jury trial occurred on May 15, 2015. (RR Vol. 2) Appellant was found guilty on counts and sentenced to eight years in the ID-TDJC on the evading arrest and two years in the State Jail Division for the possession of marijuana charge. (RR Vol. 2 p. 62-64) Notice of Appeal was filed on June 10, 2015. (CR Vol. 1 p. 52) John Reeves was appointed to represent Appellant on July 14, 2015. (CR Vol. 1 p. 56)

## STATEMENT OF JURISDICTION

Appellate counsel did not find a Trial Court Certification in Volume I or Volume II of the Clerk's Records.  The Clerk has been notified and certification has been sent to the client for signature so the record can be supplemented.

## ANDERS ISSUES PRESENTED

### Anders Issue 1

Is the evidence is legally sufficient to support proof of the two indictments

2.

of evading arrest and possession of marijuana?

## Anders Issue 2

Is there error regarding the admission into evidence of States' Exhibit one through twenty five including any error regarding trial objections?

## Anders Issue 3

Is the sentence of the trial court disproportionate in violation of the Eighth Amendment and Fourteenth Amendments to the United States Constitution?

## Anders Issue 4

Did trial counsel provide ineffective assistance concerning appellant's sentencing hearing?

## STATEMENT OF FACTS

The case was called for trial upon an indictment charging appellant with possession of marijuana in an amount greater than four ounces yet less than five pounds and evading arrest or detention with a vehicle wherein the appellant entered a plea of not guilty to each count. (RR Vol. 2, p. 5-6) The prosecutor requested, and the Court agreed, that the Court take Judicial Notice of the State's intent to seek a deadly weapon finding, previously filed with the Court, and the State's notice of filing of the certificate of analysis that both the State and defense counsel stipulate is accurate and admissible as to the substance being marijuana and the amount. (RR Vol. 2, p. 8) The testimony considered by the judge on guilt/innocence consisted of three witnesses by the state and two witnesses for the defense, beginning with the testimony of Sergeant Michael Ray of the Sabine

3.

County Sheriff's Department (SCSD). (RR Vol. 2, p. 9-28)

Sergeant Ray testified that he had been a peace officer for eleven years, and had been employed with the Hemphill Police Department at the time of this incident. (RR Vol. 2, p. 9) On May 19th, 2014, the witness stated he was a patrol officer, patrolling the streets and answering calls for service. Sergeant Ray stated that he had been advised by dispatch that the Louisiana State Police was in pursuit of a black Chrysler. At the Milam four-way intersection, at Highway 103 and 87, he observed the car come to a complete stop. He verified the license plate number. Once Sergeant Ray pulled out, the vehicle, travelling westbound, picked up speed, and passed an 18-wheeler in a no passing zone. Sergeant Ray testified that as the car was passing the 18-wheeler, another 18-wheeler that was traveling east, had to run off the road to avoid an accident. The witness then activated his lights and siren, the car sped up to over 100 miles per hour, and advised his dispatcher that he was in pursuit of the vehicle. Sergeant Ray stated that during most of the pursuit, the driver would turn his headlights off and travel into oncoming traffic lanes at speeds between 100 and 120 miles per hour. The witness testified that he gave the car space to avoid any potential collision. In the Sergeant's opinion, the driver was driving in a manner that was capable of causing death or serious bodily injury. During the pursuit, Sergeant Ray advised his dispatcher of his location, lost contact via radio at the county line, but kept in contact using his cell phone. When he reached the San Augustine County and Nacogdoches County lines, he requested that his dispatch advise each of the county authorities that he was entering their county and request support. As he approached Angelina County, he was told Angelina County was going to set up spike strips around the Highway 103 bridge,

4.

but he did not see any officers until he reached the Lufkin city limits. (RR Vol. 2, p. 10-12) Sergeant Ray observed that the vehicle hit the spike strips while traveling about 90 miles an hour. An Angelina County deputy followed the car with Sergeant Ray ensuing. The car swerved then proceeded in the middle of the lane until it reached the loop, he tried to turn left, and the car finally stopped. (RR Vol. 2, p. 13)

State's Exhibit 1, Sergeant Ray's in-car dash camera video and audio of the incident, starting at approximately 2:30 a.m., was admitted. (RR Vol. 2, p. 14) The Sergeant did not arrest the driver, but recalled he observed a large amount of marijuana in the vehicle. He left the scene when the driver was ready to transport to jail. (RR Vol. 2, p. 15) State's Exhibit 1 was published and Sergeant Ray narrated. At the Milam intersection, the appellant appeared to driving in an orderly way, but based on the information he had received from Louisiana the Sergeant followed the vehicle to verify the license plate. Sergeant Ray was not aware of the reason Louisiana authorities were pursuing the vehicle. (RR Vol. 2, p. 16) The video showed that the Sergeant's lights and siren were on. He stated that the appellant turned off his lights, but when he would travel down a hill or steep curve, he would turn them on, and would turn his lights back off again. (RR Vol. 2, p. 17-18) Once stopped, Sergeant Ray stated that an Angelina County deputy was trying to knock the window out since the doors were locked. (RR Vol. 2, p. 21) There was one occupant in the vehicle that was told to exit, but did not comply, remaining on the floorboard in a fetal position. (RR Vol. 2, p. 22)

On recross examination, Sergeant Ray stated that he had kept a distance of approximately a football field away from the vehicle. (RR Vol. 2, p. 26) The Sergeant did not speak to the appellant once removed from the vehicle. The witness admitted that the appellant was probably scared when the deputy broke the

5.

window. (RR Vol. 2, p. 27)

Officer Mark McLin, an Angelina County Sheriff's office patrol lieutenant since 2004 observed the defendant on May 19, 2014. (RR Vol. 2, p. 28-45) State's Exhibit 2, his Angelina County Sheriff's office patrol car video of that morning was admitted. (RR Vol. 2, p. 29-30) The video begins at the patrol station where the Sheriff's office received information that Louisiana State Patrol had been in pursuit of a vehicles and another officer from a neighboring county within Texas was in pursuit heading towards Angelina County. (RR Vol. 2, p. 31) Spike strips were set prior to the Officer's vehicle. The vehicle hit the spike strips and as the vehicle passed the Officer, the Officer turned on his lights, began following the appellant, while the appellant was swerving "all over the road". Officer McLin "bumped" the appellant and the appellant stopped. In the Officer's opinion, the appellant's driving was "extremely erratic and dangerous". (RR Vol. 2, p. 34-35) State's Exhibits 3 through 7, snapshots of Officer McLin's patrol car video, were admitted. The snapshots depicted a passing 18-wheeler and other vehicles, the appellant's vehicle traveling at a high rate of speed without lights on, and the appellant traveling in multiple lanes. State's Exhibits 8 through 22, photographs of the scene when the vehicle was stopped and when the vehicle was processed at the Sheriff's office, were admitted. (RR Vol. 2, p. 37) Officer McLin discovered marijuana in a backpack and paraphernalia, including a digital scale, empty clear capsules, a marijuana grinder, and papers when he processed the vehicle. (RR Vol. 2, p. 38) When he removed the paraphernalia out of the car, he packaged it and placed it into a secured locker at the sheriff's office. Later, an evidence technician would take the evidence from the locker and place it in a locked evidence room.

6.

(RR Vol. 2, p. 39) State's Exhibit 24, the marijuana and the digital scale, was admitted. State's Exhibit 25, the backpack that the marijuana was in and now contained just the paraphernalia, was admitted. (RR Vol. 2, p. 40-42) The amount of marijuana was approximately one pound, definitely less than five pounds but more than four ounces. (RR Vol. 2, p. 43)

On cross-examination, Officer McLin stated that when the appellant was removed from the vehicle, he appeared completely withdrawn, and would not listen to any of their demands. (RR Vol. 2, p. 44) On redirect examination, the Officer stated that they demanded several times that the appellant exit the vehicle, and he never opened the door. (RR Vol. 2, p. 44)

Stewart Kendall, a deputy with the Angelina County Sheriff's Department for two years, was on patrol on May 19, 2014. (RR Vol. 2, p. 45-49) While Deputy Kendall was located in a parking lot off of Highway 103, he observed the appellant drive through the turning lane, or median, into opposing lanes towards his vehicle, putting him in fear of serious bodily injury. (RR Vol. 2, p. 47) Deputy Kendall observed the vehicle being stopped and the appellant being pulled from the vehicle. He took custody of the appellant and transported him to the jail. When the appellant was removed from the vehicle, he was not very responsive to anything, but during transport requested to see medical staff for glass in his eye. Deputy Kendall transported the defendant to Memorial Medical Center where a doctor looked at his eye, and the Deputy was relieved. The State rested. (RR Vol. 2, p. 48-49) Regina Lancaster, the appellant's mother, was called as a witness by the defense. (RR Vol. 2, p. 49-52) Ms. Lancaster testified that the appellant had been to a mental institution a couple of times for nervous breakdowns that started when he was about 16 years old. She did not recall the diagnosis. The appellant's prior

7.

attorney had filed a motion for a mental exam to determine competency. (RR Vol. 2, p. 50) The witness stated that when the appellant is confronted with stressful situations, he shuts down or makes bad decisions. He had not been prescribed any medication. (RR Vol. 2, p. 51)

On cross-examination, Ms. Lancaster stated that the defendant is 22 years old, and had been prescribed medication in the past, but marijuana was not prescribed. (RR Vol. 2, p. 52)

Mr. Lancaster, the appellant testified. (RR Vol. 2, p. 52-62) The appellant testified that he was coming from Natchitoches, Louisiana after dropping off a cousin. He was aware that the police were following him, and was driving fast because he was afraid since he was in an unfamiliar area. He had come from and noticed police were following him after he crossed the state line into Texas. The appellant stated that he did not want anyone to get hurt, but was scared and wanted to get away from the area and get home. (RR Vol. 2, p. 53-54) He stated that marijuana was in his vehicle, and he was trying to get to his home located in Houston. He stated that he had been incarcerated for one year and did not feel that a sentence of eight years was fair. The defendant stated that no one was hurt, and the evading arrest was a Class A misdemeanor raised to a third degree felony and that the State is seeking a finding of a deadly weapon which he did not possess. (RR Vol. 2, p. 55) He stated that he is a hard-working man, had been raising his son, and made a mistake. Prior to this, he had only one misdemeanor on his record and would like a second chance. (RR Vol. 2, p. 56-57)

On cross examination, the appellant stated that he was not sure how it appeared to other people how he handled stressful situations, but agreed that he

8.

shuts down in such situations. The State mentioned allegations, but not convictions, of acts on his criminal history, including assault in 2014, robbery in Bexar County, taking a weapon from an officer, and assault of a public servant. The appellant's responses were unclear, responding "Okay" or "I'm not sure." The Court directed the State to move on. The State asked whether the appellant was scared while he was in Louisiana and why. The defendant stated he was scared because he was under arrest. He did not recall driving without lights, and did not give the officers his name when removed from the vehicle because he was exercising his right to remain silent, although he was not sure whether he was under arrest or recall if he was handcuffed. (RR Vol. 2, p. 58-62)

The State and defense rested and closed. (RR Vol. 2, p. 62)

The appellant waived presentence investigation. (RR Vol. 2, p. 63-64)

The judge returned a verdict of guilty on evading arrest with a vehicle, with a finding of a deadly weapon, to wit, a motor vehicle, and guilty of possession of marijuana in an amount greater than four ounces yet less than five pounds. The trial court sentenced appellant to eight years confinement in the Texas Department of Criminal Justice Institutional Division on the charge of evading arrest with a vehicle with a finding of a deadly weapon, and two years confinement in a state jail facility for the charge of possession of marijuana in an amount greater than four ounces yet less than five pounds. The sentences were to run concurrently. (RR Vol. 2, p 64)

## SUMMARY OF THE ARGUMENT

Four issues are presented as a basis for appeal, which is stated in Anders Issue

considered. First is considered sufficiency of the evidence, The State's witnesses testimony was not controverted and included video and photo evidence. The appellant admitted to the crime in punishment. Appeal counsel considers admissibility of the State's twenty-five exhibits and any error regarding trial objections. Counsel finds all exhibits were admitted without objection. The one objection not ruled upon in favor of the defense was not pursued by the defense as the State changed its manner of questioning. Thirdly, counsel considers whether the sentence rendered by the trial court was disproportionate in violation of the U.S. Constitution. There was no objection made in the trial court as to the sentence rendered and each was in the range of punishment by statute. Lastly, appeal counsel considers whether trial counsel was ineffective. The record reveals trial counsel presented evidence through the appellant and cross-examined the witnesses and there is no basis on the record to support ineffective assistance of counsel.

10.

# ARGUMENT

## Anders Issue 1

## Is the evidence is legally sufficient to support proof of the offenses of evading arrest and possession of marihuana as alleged in the indictments?

Appellant counsel finds that the evidence is legally sufficient to support the finding of guilt for evading arrest and possession of marihuana as the convictions are supported by the evidence. The State's indictment is pursuant to

Texas Penal Code Sec. 38.04: Evading Arrest or Detention

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.

(b) An offense under this section is a Class A misdemeanor, except that the offense is: An offense under this section is a Class A misdemeanor, except that the offense is:

    (1) a state jail felony if the actor has been previously convicted under this section;

    (2) a felony of the third degree if:

        (A) the actor uses a vehicle while the actor is in flight;

Tex. Health & Safety Code Sec. 481.121. Offense: Possession of Marihuana

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.

(b) An offense under Subsection (a) is:

11.

(3)  a state jail felony if the amount of marihuana possessed is five pounds or less but more than four ounces;

Appellant is aware that in a legal sufficiency review, this Honorable Court will examine the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Appellant recognizes the fact finder is the sole judge of the credibility and weight to be attached to the testimony of witnesses. Thomas v. State, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing Jackson, 443 U.S. at 319). Appellant understands this court will give full deference to the jury's responsibility to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Appellant counsel finds that the evidence in the instant matter is sufficient because the record contains a mere modicum of evidence probative of an element of the offense.  Gonzalez v. State, 337 S.W.3d 473, 479 (Tex. App.-Houston [1

12.

Dist.] 2011) Appellant believes that the evidence presented supports a conclusion that the defendant committed; the criminal offenses of evading arrest and possession of marijuana.

In the instant matter there was testimony from two peace officers who witnessed the incident, video and photography evidence of the appellant's evasion, and testimony from the appellant admitting to the offenses.(RR Vol. 2, p.10-12, 14-15, 22, 29-30, 34-35, 38,40-43,53-54, 56-57)  Each of these will be considered. The issue here is whether there the evidence is legally sufficient to prove the offenses of evading arrest and possession of marihuana as alleged in the indictments.

Appellant argues there was not a lack of evidence as recognized by the Judge in counts 1 and 2. Appellant argues a rational trier of fact could determine a consistent set of facts of which could be believed beyond a reasonable doubt. Thus, pursuant to Williams v. State,  Gonzalez v. State  and  Jackson v. Virginia, supra, appellant argues there is more than a "mere modicum" of evidence probative of the element of the direction of the discharge as well hereinafter be addressed.

Appellant argues the Judge could as a rational fact finder have found the elements of the offense as alleged in the indictment to have been shown beyond a reasonable doubt. The testimony of the two peace officers is sufficient to support

13.

the elements charged. Both officers testified they activated their lights and sirens in an attempt to stop the appellant. The officers then pursued the appellant as he drove, refused to bring his vehicle to a stop, and proceeded to drive away from the officers as they tried to detain the appellant lawfully. Additionally, Officer McLin testified that he discovered marijuana, later determined to weigh a pound, in a backpack and paraphernalia, including a digital scale, empty clear capsules, a marijuana grinder, and papers when he processed the vehicle.

Appellant argues the video and photographic evidence of the peace officers support the elements of the offense of evasion as alleged in the indictment. The state introduced without objection State's Exhibit 1, Sergeant Ray's in-car dash camera video and audio of the incident, State's Exhibit 2, Officer McLin's patrol car video, and State's Exhibits 3 through 7, snapshots of Officer McLin's patrol car video. (RR Vol. 2, p. 14, 29-30, 37) These visuals depicted a passing 18-wheeler and other vehicles, the appellant's vehicle traveling at a high rate of speed without lights on, and the appellant traveling in multiple lanes followed by the peace officers. (RR Vol. 2, p.10-13, 29-30, 34-35, 47)

Appellant counsel finds the Judge could as a rational fact finder have found the elements of the offenses as alleged in the indictment to have been shown

14.

beyond a reasonable doubt from the testimony of appellant. Mr. Lancaster, the appellant testified that he was aware the police were following him, and was driving fast because he was afraid since he was in an unfamiliar area. (RR Vol. 2, p. 52-54) He had come from and noticed police were following him after he crossed the state line into Texas.( RR Vol. 2, p. 53-54) The appellant also stated that marijuana was in his vehicle, and he was trying to get to his home located in Houston and stated that he made a mistake. (RR Vol. 2, p. P56-57) Appellant counsel cannot reasonably argue that the evidence was insufficient as there was no controverting evidence.

## Anders Issue 2.

**Is there error in the admission of State's exhibit one through twenty five including any error regarding trial objections?**

Only twenty-five exhibits were offered at the plea and sentencing hearing. No objections were made to any of the exhibits offered by the State. (RR Vol. 2, p. p. 14, 30, 36, 37, 41, 42) Appellant counsel found no other instances of objection in the record.  Generally it is held that a timely objection must be made in order to preserve an error in the admission of evidence. Dinkins v. State, 894 S.W.2d 330,

15.

355 (Tex. Crim. App. 1995) In viewing the trial court's decision to admit or exclude evidence and whether there was an abuse of discretion it is generally been determined that the trial court is in the best position to decide questions of admissibility, and will be upheld if a trial court's decision to admit or exclude evidence is "within the zone of reasonable disagreement when reviewed under an abuse of discretion standard. See Rodriguez v. State, 203 S.W.3d 837, 841 (Tex. Crim. App.2006); Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App.1990). Appeal counsel believes there was no preserved error regarding any of the exhibits or the objections by defense counsel. As such appeal counsel finds no harm in relation to the record to subvert the substantial right of the appellant to require a reversal of the trial courts sentence.

**Anders Issue 3**

**Was the trial court's sentences of eight years confinement in TDCJ-ID and two years confinement in State Jail disproportionate sentence in violation of**

16.

**the Eighth Amendment and Fourteenth Amendments to the United States**

**Constitution?** (U.S. Const. Amend. VIII; U.S. Const. Amend. XIV.)

The sentence of eight years confinement in ID-TDCJ and two years State Jail was within the penalty range of two to ten years, for a third degree felony and six months to two year State Jail in the State of Texas. In this matter there was no objection to the trial court concerning the sentence. There was no allegation or complaint that the sentence is grossly disproportionate, constituting cruel and unusual punishment, and as such the error if any was not preserved for review. See, Tex .R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996). (RR Vol. 2, p. 64)  Here, after the trial court announced its sentence at the punishment hearing, appellant made no objection to the trial court about the punishment assessed and did not assert her claim under the Eighth Amendment and the Texas Constitution in the trial court. (RR Vol. 2 p. 64) As such, the punishment of eight years confinement in ID-TDCJ and two years State Jail falls within the range set forth by the Texas Legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. Harris v. State, 656 S.W. 2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W. 2d 949, 952 (Tex. Crim. App. 1973) Appeal counsel believes appellant has waived his

17.

cruel and unusual punishment complaint. See <u>Ladd v. State</u>, <u>3 S.W.3d 547</u>, 564 (Tex. Crim. App. 1999) There is no evidence that the appellant's sentencing process did not provide fundamental fairness. U.S. Const., Amend XIV. <u>Euler v. State</u>, 158 S.W. 3d 88, 91 (Tex. Crim. App. 2007) Fundamental fairness requires that an accused receive a fair trial. In the instant matter, the appellant's testified to what he believed to explain his actions. (RR Vol. 2 p. 54-55) Further, the appellant waived his right to a PSI report. (RR Vol. 2 p. 64)

**Anders Issue 4**

**Was trial counsel's representation ineffective?**

The standard promulgated in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. 22. Ct. 2052, 80 L. Ed. 674 (1984) requires a two-step analysis. First it requires a demonstration that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. To satisfy this requirement appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. <u>McFarland v. State</u>, 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996)

18.

This Honorable court then will judge a claim of ineffectiveness based on the totality of the representation. Strickland, supra, 466 U.S. at 695-96, 104 S. Ct. at 2069. The presumption is that trial counsel was effective. See, Jackson v. State, 877 S.W.2d 768,771 (Tex. Crim. App. 1994). Trial counsel did present evidence through the appellant's testimony. (RR V2, P 52-62) Trial counsel cross-examined witnesses in detail. (RR Vol. 2 p. 23, 26, 44, -51, 55-57, 77-87) The appellant was able to present his reasoning for his behavior. (RR Vol. 2 p. 54-55) Appeal counsel finds no basis to determine trial counsel's strategy or to ascertain of what value it might have been to call or not to call other witnesses. The appellant's testimony as set out previously supports the facts of the indictment. Appeal counsel does not find support from the record to argue "but for" trial counsels decisions in the sentencing hearing there would have been a different result. Especially, considering the appellant's testimony regarding offense. (RR Vol.2 p. 53-61) In reviewing the totality of trial counsel's representation and presentation of evidence as considered above- the record does not present evidence of trial counsel falling below the objective standard of reasonableness and professional norms. Strickland, supra. Further, appellant counsel does not find a single egregious error or omission

19.

that will constitute ineffective assistance. <u>Nero v. Blackburn</u>, 597 F.2d 991, 994 (5th Cir. 1979)

As such appellate counsel offers this Anders Brief.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant's counsel respectfully requests, as relief, that he be allowed to withdraw as this appeal is frivolous and so advise Appellant so that she may pursue a pro se brief if she so desires, or alternatively to appoint other counsel for Appellant in the prosecution of this appeal.

Respectfully, Submitted:
*/S/ John D. Reeves*
JOHN D. REEVES
Attorney at Law
1007 Grant Ave.
Lufkin, Texas 75901
Phone: (936) 632-1609
Fax: (936) 632-1640
SBOT # 16723000
Email: tessabellus@yahoo.com
ATTORNEY FOR APPELLANT

20.

## CERTIFICATE OF COMPLIANCE

I, John D. Reeves Counsel for appellant hereby certify that this brief exclusive of the rule provisions that do not provide counting contains 4,333 words.

/S/ John D. Reeves
John D. Reeves

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief on this 2nd day of November has been forwarded to the State's Counsel, April-Ayers-Perez, Assistant District Attorney of Angelina County, by Efiling service.

/S/ John D. Reeves
John D. Reeves

21.